<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4677**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOHN WILLIAM LOFLIN,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:02-cr-00005-FPS-1)

Submitted:  February 25, 2009         Decided:  March 19, 2009

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John William Loflin appeals a special condition of his supervised release regarding his sentence imposed on remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). After reviewing the sentencing factors in 18 U.S.C. § 3553(a) (2006), the district court resentenced Loflin to 144 months of imprisonment for his three convictions for traveling in interstate commerce to engage in a sexual act with a juvenile and his three convictions for transportation of a minor in interstate commerce with intent to engage in criminal sexual activity. The court also imposed a three-year term of supervised release.

The special condition to which Loflin objects regards limitations on his use of a computer at work.[*] We find no abuse of discretion by the district court in restricting Loflin's computer usage at work. United States v. Holman, 532 F.3d 284, 288 (4th Cir. 2008) (providing review standard). District courts have "broad latitude" with regard to special conditions of supervised release. United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003). The advisory Sentencing Guidelines recommend limitations of computer use for sex offenders where a

_____

[*] The evidence at trial revealed Loflin used a computer to aid his crimes.

2

computer or interactive computer service aided their crimes, U.S. Sentencing Guidelines Manual ("USSG") § 5D1.3(d)(7)(B), p.s. (2007), and allow conditions requiring unannounced and warrantless inspections and searches of computers and related equipment. See USSG § 5D1.3(d)(7)(C), p.s. Also, the Sentencing Guidelines permit occupational restrictions generally as a condition of supervised release. See USSG § 5D1.3(e)(4), p.s.

Accordingly, we affirm Loflin's sentence and the special conditions of supervised release regarding limitations on his computer usage at work. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3